UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA LEE REDDING, <br><br> Petitioner, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF CORRECTIONS, <br><br> Respondent. | Case No. C20-0477-BJR-MAT <br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Joshua Redding is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. (*See* Dkt. 3.) He seeks to challenge in this action a 2019 judgment of the Snohomish County Superior Court. The petition has not been served on respondent. Following a careful review of the petition, and the balance of the record, this Court concludes that petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.

## DISCUSSION

Petitioner submitted his federal habeas petition to the Court for filing on March 26, 2020. (Dkt. 1.) On April 2, 2020, the Court issued an Order to Show Cause in which it advised petitioner

REPORT AND RECOMMENDATION
PAGE - 1

that it did not appear either of the two grounds for relief identified in his petition had been exhausted in the state courts. (Dkt. 6.) Petitioner was granted thirty days within which to demonstrate that this action should not be dismissed for failure to exhaust state court remedies. (*See id*.) On April 6, 2020, petitioner filed a supplement to his petition identifying four additional grounds for relief. (Dkt. 7.) Shortly thereafter, on April 9, 2020, petitioner filed a response to the Order to Show Cause in which he argues that he is only required to exhaust his state court remedies if the grounds asserted could have been raised during trial or at sentencing. (Dkt. 8.) Petitioner claims that neither one of his original claims for relief could have been brought up before now and therefore qualify for federal habeas review. (*Id*. at 1.) Petitioner concedes that two of his four supplemental claims could probably have been brought up earlier, but he maintains that all six of his claims should be looked at together. (*See id*. at 2-3.)

As petitioner was advised in the Court's Order to Show Cause, a state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing, *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The record makes clear that petitioner did not present any of his proposed grounds for federal habeas relief to the state courts for review. Petitioner's suggestion that exhaustion is not

required of claims that could not have been raised during trial or at sentencing is simply incorrect. While there are provisions under state law governing when and how certain types of challenges to a state court conviction may be brought, those provisions do not negate the exhaustion requirement set forth in the applicable federal habeas statute. *See* 28 U.S.C. § 2254(b)(1). *All* claims presented for federal habeas review must first be exhausted in the state courts either on direct appeal or on collateral review. As petitioner effectively concedes that he has not exhausted any of his claims in the state courts, his petition is not eligible for federal habeas review.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 5), and this action, be dismissed without prejudice for failure to exhaust state court remedies. This Court further recommends that petitioner's motion to amend his petition to name a proper respondent (Dkt. 9) and his motion for appointment of counsel (Dkt. 10), both of which were submitted in conjunction with petitioner's response to the Order to Show Cause, be denied as moot.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 3


## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 5, 2020**.

DATED this 14th day of May, 2020.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge